UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:17-CV-00023-JHM

SHANNON WOOSLEY                                                                                         PLAINTIFF

VS.

BEL BRANDS USA, INC.                                                                                    DEFENDANT

## Memorandum Opinion and Order

Before the Court is the motion of Defendant Bel Brands USA, Inc. for a protective order governing discovery disclosures (DN 25). Plaintiff Shannon Woosley has responded in opposition at DN 29, and Bel Brands has replied at DN 31.

### Nature of the Case

Plaintiff was previously employed by Bel Brands and claims she was subjected to racial discrimination prohibited by the Kentucky Civil Rights Act, KRS 344 *et seq.* and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 200e *et seq.* She contends that she was subjected to offensive racial comments and complained to management at Bel Brands, but her complaints went largely unaddressed. Her complaint states that, prior to her termination, she was suspended for allegedly making inappropriate remarks to Bel Brands' human resources director and was later terminated "for waiting until she was at work to change into her work uniform" (DN 1-2, p. 3). She asserts that these adverse employment actions represent disparate treatment.

### Bel Brands' Motion

Woosley has submitted discovery requests to Bel Brands for information and documents related to disciplinary actions against other current and former Bel Brands employees. Bel Brands represents that it has identified over two hundred pages of records which appear to be responsive to Woosley's request (DN 25, p. 2). These documents include "confidential employee complaints, internal investigations and disciplinary action forms" and involve over two-dozen current and former employees (Id.).

Bel Brands requests that dissemination of these documents be restricted because some of it was "provided to human resources in confidence and other of which is potentially embarrassing or harmful for the employee who was disciplined as well as for the employee who complained" (Id. at p. 4). Bel Brands notes that the community where the facility is located is a small community and "Defendant has legitimate concerns that Plaintiff may disclose this sensitive information or otherwise use it for personal purposes unrelated to the prosecution of this litigation" (Id.).

### Woosley's Response

Woosley contends that Bel Brands' motion fails to articulate specific facts demonstrating that there would be a clearly defined and serious injury should the information be disclosed without the requested restrictions and, as such, Bel Brands has failed to satisfy the criteria for imposition of a protective order. She contends Bel Brands has only made statements of a broad, speculative nature.

### Bel Brands' Reply

Bel Brands argues that non-party employee records are customarily accorded a high-degree of confidentiality, citing cases from a variety of federal district courts as examples. Bel

Brands further contends that, having demonstrated the necessity of confidentiality, the burden has shifted to Woosley to demonstrate that a protective order will impair her ability to conduct discovery, and she has failed to make any such demonstration.

## Discussion

Fed. R. Civ. P. 26(c)(1) provides that "a party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense . . . ." "To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984).

The terms protective order and confidentiality order are often used interchangeably. Scott-Warren v. Liberty Life Assur. Co., NO. 3:14-CV-738-CRS-CHL, 2016 U.S. Dist. LEXIS 90745, *54 (W.D. Ky. July 13, 2016). In essence, a confidentiality order is one of the protective reliefs available under Rule 26(c)(1)(B) whereby the court may specify the terms for disclosure or discovery. See Alvarez v. Aldi (Tex.) LLC, No. 3:13-cv-4122-L, 2014 U.S. Dist. LEXIS 99996, *8 (N.D. Tex. July 22, 2014). A confidentiality order will only be issued if the movant demonstrates good cause by articulating specific facts showing that a clearly defined and serious injury will result from disclosure of the information. See Queen v. City of Bowling Green, No. 1:16-CV-00131-JHM, 2017 U.S. Dist. LEXIS 160425, *15 (W.D. Ky. Sept. 29, 2017).

Protective orders limiting the dissemination of non-party employment files "are commonly granted . . . as a means of protecting the privacy interests of nonparties while yet serving the needs of litigation." Knoll v. AT&T, 176 F.3d 359, 365 (6th Cir. 1999). "Courts have also specifically granted such orders to protect nonparties from the harm and

3

embarrassment potentially caused by nonconfidential disclosure of their personnel files." Id. Bel Brands has noted other jurisdictions endorsing similar policies.[1] Where a movant makes a sufficient showing the burden shifts to the opponent to demonstrate that the protective order substantially harms the opponent's ability to collect the evidence necessary for prosecution of the case. Id.

Here, Bel Brands contends that some of the discovery Woosley seeks involves information provided by non-party employees to Bel Brands' human resources department in confidence. This includes complaints against other employees and witness statements. Bel Brands notes that some of the accusations may not have been substantiated upon investigation. Bel Brands further notes that Woosley will likely know several of these people, given the small nature of the community. Caselaw suggests that the threshold for demonstrating that disclosure of embarrassing employment information about non-parties will cause a clearly defined and serious injury is a relatively low bar. Under the circumstances of this case, the undersigned concludes that Bel Brands has made a sufficient showing to be entitled to a confidentiality order.

While Woosley has challenged the sufficiency of Bel Brands' showing of need, she has not put forth any argument that the proposed confidentiality order unduly restricts her ability to gather discovery in support of her case. The order which Bel Brands has proposed does not prevent Woosley from obtaining any discovery or using the information in the case. The order only contemplates that Bel Brands can designate certain information as confidential and Woosley shall be restricted from disseminating that information outside the litigation. The order also sets forth a procedure whereby Woosley can challenge any confidentiality designation.

---

[1] *See* Duling v. Gristaede's Operating Group, 266 F.R.D. 66, 72-74 (S.D.N.Y. 2010; Chavez DaimlerChrysler Corp., 206 F.R.D. 615, 622-23 (S.D. Ind. 2002); Dahdal v. Thorn Americas, Inc., 1997 WL 599614, *1 (D. Kan. Sept. 15, 1997); EEOC v. Pioneer Hotel, Inc., 2014 WL 5045109, *3 (D. Nev. Oct. 9, 2014); Estate of Collins v. United States, 2010 WL 11431844, *2 (E.D. Pa. March 26, 2014); Joiner v. MVP Service Corp., 2012 WL 4052505, *2 (W.D.N.Y. Sept. 13, 2012).

However, the undersigned finds Bel Brands' proposed order too broad, in that it allows Bel Brands to designate as confidential "any information that reveals trade secrets" and "research, technical, commercial or financial information that the party has maintained as confidential" (DN 25-1, p. 2). While this is the sort of information for which Rule 26(c)(1)(G) allows protection, Bel Brands has not presented any argument that the discovery which Woosley seeks includes those types of information.

## **ORDER**

**IT IS HEREBY ORDERED** that Defendant Bel Brands USA, Inc.'s motion for a protective order (DN 25) is **GRANTED**. However, the tendered order at DN 25-1 is rejected, and Bel Brands is directed to tender another order limited to the production of non-party employment-related information.

Copies:      Counsel